UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFERY DeANGELIS,
    *Plaintiff*,

v.

KRISTINE BARONE *et al.*,
    *Defendants*.

No. 3:20-cv-00972 (JAM)

**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS ACTION**

Plaintiff Jeffery DeAngelis was a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed this lawsuit *pro se* under 42 U.S.C. § 1983 against the warden of the MacDougall-Walker Correctional Institution ("MacDougall-Walker"), the Commissioner of the DOC, and the Governor of Connecticut. He alleges that the defendants were deliberately indifferent to his serious medical needs by failing to adequately protect him from COVID-19. He seeks injunctive relief including his immediate release from confinement as well as an award of compensatory damages.

DOC records reflect that DeAngelis has now been released from imprisonment at MacDougall-Walker and is presently subject to supervision in "New Haven PO-Lucey".[1] This is in keeping with his complaint which states that he was granted parole and was scheduled to be released on October 7, 2020. Doc. #1 at 2 (¶ 16). Accordingly, it looks like DeAngelis's claims for injunctive relief with respect to conditions at MacDougall-Walker are now subject to dismissal on the ground that they are moot. *See Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020); *Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119 (2d Cir. 1997).

---

[1] *See* Connecticut Department of Correction, http://www.ctinmateinfo.state.ct.us/resultsupv.asp (inmate DeAngelis, Jeffery #273187).

1

As for DeAngelis's request for money damages, he concedes in his complaint that he did not fully exhaust his administrative remedies. Doc. #1 at 4 (¶ 39) ("Plaintiff has NOT exhausted his administrative remedies, as his grievance … has not yet been answered."). Because DeAngelis acknowledges that he initiated an administrative complaint but decided not to await an answer, the record shows that an administrative process was available to him. Moreover, the Court takes judicial notice that the DOC has an extensive administrative remedy procedure to allow prisoners to raise complaints about their conditions of confinement. *See Simmons v. Sheckler*, 2018 WL 3596748, at *2 (D. Conn. 2018) (citing Connecticut Department of Correction Administrative Directive 9.6). Notwithstanding DeAngelis's claim that the COVID-19 pandemic should excuse his failure to exhaust, the Prison Litigation Reform Act creates a mandatory exhaustion procedure that is not subject to judicial equitable exception by reason of the COVID-19 pandemic. *See United States v. Vence-Small*, -- F. Supp. 3d --, 2020 WL 1921590, at *4 (D. Conn. 2020).

Although exhaustion is an affirmative defense that must ordinarily be raised by defendants as grounds for dismissal, the Court may *sua sponte* dismiss a prisoner's complaint for failure to exhaust where it is clear on the face of the complaint that the prisoner has failed to exhaust his available remedies, where the Court has ascertained that an administrative remedy process was available, and where the Court allows the prisoner a reasonable opportunity to respond. *See Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016); *Mojias v. Johnson*, 351 F.3d 606 (2d Cir. 2003); *Ramos v. Malloy*, 2020 WL 4569854, at *2-5 (D. Conn. 2020).

Accordingly, the Court will allow DeAngelis a reasonable opportunity to file any objection explaining why the Court should not dismiss this action in light of the concerns set

forth above. DeAngelis may file any objection or response by **January 18, 2021**. If he has not filed an objection or response by that date, then the Clerk of Court shall dismiss this action and deny the pending injunctive relief motion as moot.

The Court's docket sheet reflects DeAngelis's address at MacDougall-Walker. In view that DeAngelis has failed to update the Court's records with his current mailing address or any other contact information, the Court understands that there is some possibility that he will not receive timely notification of this ruling. But it was his obligation like that of any plaintiff to advise the Court of his address and contact information. *See* D. Conn. L. R. 83.1(c)(2); *Milner v. Laplante*, 2020 WL 127678 (D. Conn. 2020). In the event that DeAngelis learns of this Court's ruling only after this action has been dismissed and if he decides he still wishes to pursue this action, then he may promptly file a motion to re-open that states what date he learned of the Court's ruling, why he failed to update his address of record, and why his action is not moot and not subject to dismissal for failure to exhaust administrative remedies as stated in this ruling.

It is so ordered.

Dated at New Haven this 4th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge